UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN WRZALINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>PIECE MANAGEMENT, INC.,<br><br>    Defendant. | Case No. 2:24-CV-00394-GSL-AZ |

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion to File Confidential Settlement Agreement Under Seal [DE 19] which was filed in connection with the parties' Joint Motion for Approval of Settlement Agreement and General Release and Issuance of Final Order [DE 21]. The parties are asking that the Court maintain their settlement agreement under seal while also asking that the Court provide judicial approval over the terms of that same settlement. For the reasons below, the Court will deny the motion to seal.

Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit has taken a strict position regarding requests to seal documents, stating that "[s]ecrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). Proceedings in federal court are "presumptively open to public scrutiny" and must "be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v.*

*Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). The presumption that judicial records are open can be overcome only for good cause, such as maintaining the confidentiality of trade secrets and documents protected by the attorney-client privilege, protecting the identities of confidential informants or of minors, or preserving the integrity of other pending proceedings. *See Jessup v. Luther,* 277 F.3d 926, 928 (7th Cir. 2002). The party requesting that a document be maintained under seal must justify its claim of secrecy, analyzing the applicable legal criteria outlined above. *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002).

"[F]or the most part settlement terms are of potential public interest only when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, or the settlement is sought to be enforced. In all such cases the presumption of a right of public access to court documents should apply." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 834 (7th Cir. 2013) (citations omitted). This is such a case because the parties have moved for judicial approval of the settlement in this case. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts therefore have refused to enforce wholly private [FLSA] settlements."); *Metzger v. Auto Rescue of MKE, LLC,* 2016 WL 7839154, at *2 (E.D. Wisc. July 11, 2016) ("Court approval of FLSA settlements. . . is the norm across most circuits, including the Seventh."). In such cases, the public interest in assuring fair wages favors a strong presumption of disclosure, requiring "an eminently compelling reason" why sealing of the settlement would be permissible. *Adams v. Walgreen Co.,* 2015 WL4067752, at *4 (E.D. Wisc. July 2, 2015); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011) ("Therefore, this Court joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.") (collecting cases).

Here, the parties' arguments in favor of sealing do not overcome the presumption of court proceedings being open to the public. What they offer in support of sealing is that "[t]he settlement amount reflects personal compensation information" and that the settlement amount is the product of confidential negotiations. [DE 19, ¶ 4]. The parties offer no reasons why disclosure would cause any injury to either party, nor do they explain why the request could not be narrowed. In support, the parties cite[1] *Swarthout v. Ryla Teleservices, Inc.* 2012 WL 5361756 (N.D. Ind. Oct. 30, 2012), an FLSA action in which another Magistrate Judge in this District allowed the parties to file their settlement agreement under seal. But District Court opinions, even those from within this District are not binding on the Court. Seventh Circuit opinions, however, are binding and *Goesel* makes clear that where parties to a settlement agreement seek court approval, there is a presumption of public access to the settlement agreement. 738 F.3d at 834. Second, while the decision in *Swarthout* kept a settlement agreement under seal, it did so without much analysis as to any specific terms within the agreement or a finding that the parties "would be specifically injured or harmed by allowing public access to [the settlement agreement]"). *Perry v. Nat'l City*, 2008 WL 427771, at *1 (S.D. Ill. Feb. 14, 2008) (quoted in *Swarthout*). The Court therefore does not find *Swarthout* to be highly persuasive authority on this subject, and it does not find that the parties have demonstrated good cause to overcome the public's right of access to Court documents.

Accordingly, the Court **DENIES** the Joint Motion to File Confidential Settlement Agreement Under Seal [DE 19] and **GIVES LEAVE** to the parties to withdraw their Joint

---

[1] The parties also cite to *Morse v. Equity Lifestyle Properties, Inc.*, 2014 WL 1764927 (S.D. Ind. Apr. 30, 2014) and purport to quote from that case that "the parties do not have the option of keeping the terms of the settlement confidential and simply filing a stipulation of dismissal." [DE 19, ¶ 6]. In reviewing *Morse*, the Court has been unable to locate this quote and notes that the opinion in *Morse* relates largely to a motion to dismiss, not a motion to approve an FLSA settlement.

3

Motion for Approval of Settlement Agreement and General Release and Issuance of Final Order [DE 21] on or before **May 31, 2025**. If they do not do so, the Court will rule on the Joint Motion for Approval of Settlement Agreement and General Release and Issuance of Final Order and will order the Clerk of the Court to UNSEAL the Confidential Settlement Agreement and General Release pursuant to this Order.

    SO ORDERED.

    ENTERED: May 23, 2025

                                          /s/ GRETCHEN S. LUND
                                          Judge
                                          United States District Court